IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY MACK LEONARD,

    Petitioner,                      No. CIV S-10-1701 GGH P

    vs.

PAM AHLIN, et al.,

    Respondents.                ORDER

_____/

        Petitioner is civilly committed to a state hospital pursuant to the Sexually Violent Predators Act (SVPA), Cal. Welf. & Inst. Code § 6600, et seq., proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The docket indicates that this case was transferred from the Fresno Division in an order signed on July 1, 2010.  Petitioner has submitted an affidavit, which the court will find makes the showing required by 28 U.S.C. § 1915(a)(1).[1]  Accordingly, the request to proceed in forma pauperis will be granted.

        Petitioner challenges 2008 Placer County judgment, claiming that his sentence as a result of his fifth civil trial pursuant to the SVPA was "indefinite to life."  Petition, p. 1.

---

[1] An individual committed pursuant to the SVPA is not a prisoner within the meaning of the 1996 PLRA (Prison Litigation Reform Act) and need not make the showing to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(2) required of prisoners who file civil actions. Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000).

1

The petition raises the following claims: 1) his state and federal constitutional right to due process was violated at trial; 2) violation of the Double Jeopardy Clause; 3) ineffective assistance of trial and appellate counsel.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Petitioner states that ground one has been exhausted "in part." Petition, p. 6. Petitioner also asserts as to ground three, his ineffective assistance of trial and appellate counsel claims have not been presented to the California Supreme Court. Id., at 9, 12. Petitioner also avers that he has a petition currently pending in the state court of appeal. Id., at 12.

Petitioner's option is either to voluntarily dismiss the unexhausted claims and proceed on the exhausted claims only or to seek a stay of the instant action pending exhaustion of the unexhausted claims.

If petitioner wishes the petition to be construed as a mixed petition of both exhausted and unexhausted claims, he may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005). In Rhines, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S.Ct at 1535.

If petitioner seeks a stay of an exhausted-claims-only petition, he may wish to make a request for a stay pursuant to King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v.

Small, 315 F.3d 1063 (9th Cir. 2003)). Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070-71. The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, using the Kelly procedure means that the newly-exhausted claims set forth in any amended petition must relate back to the claims in the stayed petition; in other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King v. Ryan, supra, 564 F.3d at 1141.

Petitioner must file briefing within twenty-eight days addressing how he wishes to proceed. If he wishes to proceed on an exhausted-claims-only petition absent a stay, then once his claims now pending in state court have been exhausted, he could only proceed on those new claims in a successive petition for which petitioner would have to first obtain permission from the Ninth Circuit before proceeding. If he wishes to proceed on a mixed petition, he must file a motion for a stay addressing the Rhines factors, clearly identifying both the exhausted and unexhausted claims, showing good cause for his failure to have first exhausted the claims in state court, that the claims at issue potentially have merit and that there is no evidence he has been intentionally dilatory in pursuing the litigation. In the alternative, petitioner may proceed with a stay request as outlined in King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

\\\\\
\\\\\
\\\\\
\\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. Within twenty-eight days petitioner shall file briefing, as described above, addressing how he wishes to proceed as to his unexhausted claims.

DATED: August 16, 2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
leon1701.ord