IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY MACK LEONARD,

    Petitioner,               No. CIV S-10-1701 GGH P

    vs.

PAM AHLIN, et al.,

    Respondents.        ORDER

_____/

        Petitioner is civilly committed to a state hospital pursuant to the Sexually Violent Predators Act (SVPA), Cal. Welf. & Inst. Code § 6600, et seq., proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In a prior order, filed on August 16, 2010, the court, noting that of the three claims he raises with respect to his 2008 Placer County judgment, he claimed as to his first ground (due process violation claim) that it had been exhausted "in part," and as his third (ineffective assistance of trial and appellate counsel claims), that those claims had not been presented to the California Supreme Court [i.e, were unexhausted].   Petitioner had also claimed that he had a petition currently pending in the state court of appeal.  See Order, filed on August 16, 2010, p. 2.  Petitioner was presented with three alternatives upon which he could choose to proceed.  Id. at 2-4.

\\\\\

Petitioner's subsequent filing, which the court construes as a motion to stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), is not a model of clarity, failing to identify precisely what claims or portions of claims remain unexhausted, what potential merit there is to any such claim, and what good cause exists to excuse the delay.  Rhines, supra, at 277-78, 125 S.Ct at 1535.  Nor does petitioner inform the court definitively whether or not the claims or portions of claims that are unexhausted are currently pending before the state supreme court.  The court will disregard the motion for a stay at docket # 6, and give petitioner a further opportunity to respond more fully to the order filed on August 16, 2010, and to the instant order.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's defective motion for a stay, filed on August 23, 2010 (docket # 6), is disregarded; and

2. Within twenty-eight days petitioner shall file briefing, as described above, addressing how he wishes to proceed as to his unexhausted claims.

DATED: October 7, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
leon1701.ord2