IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY MACK LEONARD,

    Petitioner,                   No. CIV S-10-1701 GGH P

    vs.

PAM AHLIN, et al.,             ORDER &

    Respondents.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is civilly committed to a state hospital pursuant to the Sexually Violent Predators Act (SVPA), Cal. Welf. & Inst. Code § 6600, et seq., proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion to stay the petition wherein he claims that two of his three claims remain unexhausted. Petitioner has submitted a copy of a petition to the California Supreme Court which is dated as filed on September 2, 2010. Motion (docket # 8), pp. 5-13. The petition sets forth the two claims that petitioner maintains remain unexhausted, Claim 1, his due process claim, and Claim 3, his ineffective assistance of trial and appellate counsel claim. Petitioner has evidently exhausted Claim 2, his double jeopardy claim, on direct appeal.

        Respondent contends that petitioner's application in this court is premature. See Opposition. Respondent noted that petitioner's petition for review on direct appeal was denied

1

on June 9, 2010, and petitioner then filed his petition in this case on June 28, 2010. Opp., p. 1, citing Petition, p. 108 (copy of state supreme court petition for review denial). The September 2, 2010, exhaustion petition for claims 1 and 3 was filed before his conviction even became final on September 7, 2010. Opp., pp. 1-3 & n. 1.

Respondent is correct that the statute of limitations in this case had not even begun to run at the time petitioner filed his September 2, 2010, petition in the state supreme court, containing the claims yet to be exhausted in this court. Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

As respondent observes, petitioner's conviction became final 90 days after the June 9, 2010 state supreme court denial, that is, on September 7, 2010, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. Jimenez v. Quartermain, 555 U.S. 113, 129 S. Ct. 681, 685 (2009); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

As noted in Pace v. Diguglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807 (2005), a petitioner may file a "protective" petition in federal court asking the court for a stay and abeyance while he seeks exhaustion of state court remedies, however, under Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 1535 (2005), a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Respondent argues, under Rhines, a stay would be inappropriate inasmuch as petitioner has failed to make any showing of a risk of being time-barred before he has first exhausted all of his claims, thus not demonstrating good cause for failing to exhaust before filing this federal petition. Opp., p. 2.

The undersigned views <u>Pace</u> and <u>Rhines</u> as serving different contexts.  While the filing of a <u>Pace</u> protective petition does not often serve much purpose, especially if the AEDPA limitations period is nowhere close to expiration, it does no harm either.  Whether exhaustion is taking place and finalized with no federal petition filed, or with a <u>Pace</u> protective petition filed, there is no net delay in the culmination of the federal proceedings.  Meaningful federal proceedings will take place, if necessary, at the finalization of state exhaustion in either case.  However, the situation is different in the <u>Rhines</u> context.  In this latter context a federal petition has been filed, and then perhaps amended, and then the federal machinery is halted for exhaustion of claims which oftentimes should have been exhausted (or at least been in the exhaustion process) prior to the filing of any federal petition.  All things federal then come to a halt if petitioner requests to *start* the state exhaustion process – as opposed to simply finishing what has already been started.  Good cause is required in the latter <u>Rhines</u> situation.

While it may be, as respondent argues, that the state court September 2, 2010, habeas petition began tolling the applicable statute of limitations before it even began to run and that petitioner does not make a showing that his state court habeas petition of as yet unexhausted claims, filed before the judgment was final, is likely to face any type of timeliness procedural hurdle at the state court level, respondent does not cite supporting authority for the specific proposition that, in filing a mixed petition of exhausted and unexhausted claims, even if filed before the commencement of the running of the AEDPA statute of limitations as to the unexhausted claims, petitioner is not entitled to a stay for the purpose of exhausting the claims. While it is arguable that the filing is premature, the court finds that petitioner's petition is simply protective and will recommend granting the motion to stay.

Accordingly, IT IS ORDERED that the Clerk of the Court assign a district judge to this case.

IT IS RECOMMENDED that petitioner's October 21, 2010, motion for a stay pending exhaustion of claims 1 and 3 be granted, and that, within thirty days of the ruling by the

1  state Supreme Court on those claims, petitioner be directed to inform the court as to the decision.

2  These findings and recommendations are submitted to the United States District

3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

4  days after being served with these findings and recommendations, any party may file written

5  objections with the court and serve a copy on all parties.  Such a document should be captioned

6  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

7  shall be served and filed within fourteen days after service of the objections.  The parties are

8  advised that failure to file objections within the specified time may waive the right to appeal the

9  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 04/25/2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
leon1701.fr