IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HARVEY MACK LEONARD,<br><br>Petitioner,<br><br>vs.<br><br>PAM AHLIN, Superintendent, Coalinga<br>State Hospital,<br><br>Respondent. | No. 2:10-cv-01701-JKS<br><br>ORDER |

Harvey Mack Leonard, a civil committee under the California Sexually Violent Predator

Act ("SVPA") appearing *pro se*, filed a Petition for Habeas Corpus under 28 U.S.C. § 2254.

Leonard is currently in the custody of the California Department of Mental Health, incarcerated

at the Coalinga State Hospital.  Respondent has answered, and Leonard has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

In September 2008, following the determination by the jury that he was a sexually violent

predator under the SVPA, Cal. Welfare & Institutions Code §§ 6601, *et seq.*, the Placer County

Superior Court committed Leonard to the custody of the California Department of Mental Health

for an indeterminate period.  In an unpublished decision, the California Court of Appeal, Third

Appellate District, remanded the case "to the trial court to determine whether the People can

demonstrate the constitutional justification for imposing on SVP's a greater burden to obtain

release from commitment than is imposed on MDO's and NGI acquittees," and affirmed in all

other respects.[1]  The California Supreme Court denied review on June 9, 2010.  Leonard timely

filed his Petition for relief in this Court on June 24, 2010.  On September 2, 2010, Leonard filed

a petition for habeas relief in the California Supreme Court, which was summarily denied

without opinion or citation to authority on April 20, 2011.

Leonard filed a Motion to stay and hold these proceedings in abeyance while he

exhausted his state-court remedies with respect to his ineffective assistance of counsel claims.[2]

Respondent opposed the motion.[3]  The Magistrate Judge entered his Order & Findings and

Recommendations recommending that the motion be granted and the Petition stayed and held in

abeyance pending exhaustion of Leonard's state-court remedies.[4]  Before this Court acted upon

the Magistrate Judge's Findings and Recommendations, Leonard filed a request to withdraw his

stay and abey Motion.[5]  The Magistrate Judge granted the motion, vacated his Findings and

Recommendations, and Ordered Respondent to answer the Petition.[6]

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Leonard raises three grounds:  (1) a violation of due process; (2) that his

continued incarceration under the SVPA violates the Double Jeopardy Clause; and (3) that his

trial and appellate counsel rendered ineffective assistance of counsel.  Respondent contends that

because Leonard did not present his first ground in its entirety to the California Supreme Court, it

---

[1] *People v. Leonard*, C059936, 2010 WL 1217971, at *5 (Cal. Ct. App. Mar. 30, 2010).

[2] Docket No. 8.

[3] Docket No. 14.

[4] Docket No. 16.

[5] Docket No. 17.

[6] Docket No. 18.

is unexhausted.  Accordingly, because Leonard's Petition is a "mixed petition" containing both

exhausted and unexhausted grounds, Respondent argues it must be dismissed.  Respondent also

contends that Leonard's second ground, double jeopardy, is procedurally barred on adequate and

independent state grounds.  Respondent raises no other affirmative defense.[7]

## III.  DISCUSSION and ORDER

Because it is potentially dispositive of the Petition, this Court will discuss the failure to

exhaust issue first.  This Court may not consider claims that have not been fairly presented to the

state courts.[8]  Exhaustion of state remedies requires the petitioner to fairly present federal claims

to the state courts in order to give the state the opportunity to pass upon and correct alleged

violations of its prisoners' federal rights.[9]  The purpose of the exhaustion requirement is to give

the state courts an opportunity to correct constitutional violations in the first place and provide

relief.[10]  A petitioner fairly presents a claim to the state court for purposes of satisfying the

exhaustion requirement if he presents the claim: (1) to the proper forum; (2) through the proper

vehicle; and (3) by providing the proper factual and legal basis for the claim.[11]  A petitioner must

alert the state courts to the fact that he is asserting a federal claim in order to fairly present the

legal basis of the claim.[12]  In the Ninth Circuit, a petitioner must make the federal basis of the

claim explicit either by referencing specific provisions of the federal Constitution or statutes, or

---

[7] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

[8] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[9] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[10] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

[11] *Scott v. Schiro*, 567 F.3d 573, 582 (9th Cir. 2009).

[12] *Duncan,* 513 U.S. at 365-66.

citing to federal case law.[13]  Mere similarity of claims between a state law claim and a federal law

claim is insufficient for exhaustion purposes.[14]  In order to present the substance of a claim to a

state court, the petitioner must reference a specific federal Constitutional provision as well as a

statement of facts that entitle the petitioner to relief.[15]

Leonard presents the following facts as supporting his first ground:  (1) insufficient

evidence to support the finding that he was a sexually violent predator; (2) he was not allowed to

audiotape the evaluation by the state evaluators prior to the probable cause hearing; and (3) he

was denied an up-to-date probable cause hearing.  In his direct appeal to the California Court of

Appeal, Leonard raised insufficiency of the evidence, and denial of due process, *ex post facto*,

and equal protection arguments.[16]  In his Petition for review to the California Supreme Court,

Leonard raised a single issue—insufficiency of the evidence.[17]  In his petition for habeas relief in

the California Supreme Court, Leonard raised solely his ineffective assistance of counsel

claims.[18]  Thus, except for his insufficiency of the evidence claim, no other factual basis

underlying his first ground has been presented to any California Court.  In his Traverse, Leonard

argues that the Magistrate Judge noted that Leonard's due process claim was exhausted in his

May 9, 2011, Order.[19]  Leonard misconstrues that Order.  The May 9th Order was entered in

---

[13] *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir. 2000), *amended and superseded by Lyons v. Crawford*, 247 F.3d 904 (9th Cir. 2001).

[14] *Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir. 1996).

[15] *Gray v. Netherland,* 518 U.S. 152, 162-163 (1996).

[16] Lodged Doc. No. 4.

[17] Lodged Doc. No. 6.

[18] Lodged Doc. No. 8.

[19] Docket No. 24.

response to Leonard's request that he be permitted to withdraw his earlier Motion to stay his

Petition and hold his claims in abeyance while he exhausted his claims in state court.  The only

previously unexhausted claim that became exhausted when the California Supreme Court denied

Leonard's petition for state-habeas relief was his ineffective assistance of counsel claim.

Nothing else.  Indeed, as the Magistrate Judge noted with respect to Leonard's first ground:

"Petitioner is somewhat confusing in that the claims that remained unexhausted do not appear to

match completely the claims he now says have been exhausted. Nevertheless, petitioner

is unequivocal that all his claims have been exhausted.  Dkt. # 17, pp. 3, 61."[20]

Thus, Leonard's Petition is clearly mixed, i.e., one containing both exhausted and

unexhausted claims.  Ordinarily a mixed petition must be dismissed in its entirety under the

"total exhaustion" rule; however, it may be amended setting forth solely the exhausted claims.[21]

Upon the request of the petitioner, this Court may stay a mixed habeas corpus petition and hold

the entire petition—exhausted and unexhausted claims alike—in abeyance while the petitioner

exhausts his or her unexhausted claims.[22]  Leonard has not, however, requested that this Court

stay and hold his Petition in abeyance pending exhaustion of the equal protection question.

Indeed, a reasonable reading of his Traverse in light of his earlier request to withdraw his "stay

and abey" Motion is that Leonard specifically requests that this Court proceed and determine his

Petition on the exhausted grounds alone.  This could logically be construed as the functional

equivalent of a voluntary dismissal of his unexhausted claims in order for this Court to proceed

---

[20] Docket No. 18 at 1 n.1.

[21] *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose*, 455 U.S. at 510, 522).

[22] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

on the exhausted claims alone, i.e., insufficiency of the evidence, double jeopardy, and ineffective assistance of counsel.  For the reasons that follow, however, this Court declines to take that view at this point.

This case also presents a somewhat unique situation.  Because the California Court of Appeal remanded the matter to the trial court for further proceedings on the equal protection question, not all of Leonard's potential constitutional claims are exhausted.  In his Traverse, in his apparent strong desire to have this Court rule on his exhausted claims, Leonard specifically eschews raising any equal protection claim in his Petition to this Court.  What Leonard overlooks is that, if this Court entertains the exhausted claims on the merits and denies relief, should Leonard lose his unexhausted equal protection claim in the state courts, he would more likely than not be barred from seeking further habeas relief in this Court as a second or successive petition under 28 U.S.C. § 2244(b).[23]  On the other hand, because the state-court judgment is not yet final, the one-year limitation has not yet started to run on any of Leonard's claims.[24] Therefore, dismissal of Leonard's Petition without prejudice would not necessarily bar refiling the Petition and raising in that new Petition all of his grounds, including the equal protection claim upon its exhaustion in the state courts.[25]

Given the possibility, if not probability, of an adverse result should this Court proceed to decide Leonard's Petition on the merits as it is presently constituted, and the draconian impact it

---

[23] *See Burton v. Stewart*, 549 U.S. 147, 152-57 (2007).

[24] 28 U.S.C. § 2244(d)(1)(A).

[25] *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was adjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.").

might have on Leonard's ability to further challenge his SVPA commitment, this Court is

reluctant to proceed in the absence of a clear indication from Leonard that:  (1) he understands

the risk of forfeiting any further federal habeas relief should he proceed on the Petition as

presently constituted; and (2) notwithstanding that risk, he wishes to proceed.  Accordingly,

       **IT IS THEREFORE ORDERED THAT** unless Leonard serves and files a statement

signifying a clear and unequivocal understanding of the risks involved as provided in the

immediately preceding paragraph on or before **February 29, 2012**, or such later date as the Court

may allow, the Petition will be dismissed, without prejudice, without further notice.

       Dated: January 31, 2012.

                         /s/ James K. Singleton, Jr.
                          JAMES K. SINGLETON, JR.
                          United States District Judge