IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY MACK LEONARD,<br><br>                    Petitioner,<br><br>          vs.<br><br>PAM AHLIN, Superintendent, Coalinga State Hospital,<br><br>                    Respondent. | No. 2:10-cv-01701-JKS<br><br>DISMISSAL ORDER |

Harvey Mack Leonard, a civil committee under the California Sexually Violent Predator Act ("SVPA") appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Leonard is currently in the custody of the California Department of Mental Health, incarcerated at the Coalinga State Hospital. Respondent has answered, and Leonard has replied. At Docket No. 27 Leonard has moved to dismiss all unexhausted claims and to proceed on his exhausted claims.

I. BACKGROUND/PRIOR PROCEEDINGS

In September 2008, following the determination by the jury that he was a sexually violent predator ("SVP") under the SVPA, Cal. Welfare & Institutions Code §§ 6601, *et seq.*, the Placer County Superior Court committed Leonard to the custody of the California Department of Mental Health for an indeterminate period. In an unpublished decision, the California Court of Appeal, Third Appellate District, remanded the case to "to the trial court to determine whether the People can demonstrate the constitutional justification for imposing on SVP's a greater

burden to obtain release from commitment than is imposed on MDO's and NGI acquittees," and affirmed in all other respects.[1] The California Supreme Court denied review on June 9, 2010. Leonard timely filed his Petition for relief in this Court on June 24, 2010. On September 2, 2010, Leonard filed a petition for habeas relief in the California Supreme Court, which was summarily denied without opinion or citation to authority on April 20, 2011.

Leonard filed a motion to stay and hold these proceedings in abeyance while he exhausted his state-court remedies with respect to his ineffective assistance of counsel claims.[2] Respondent opposed the motion.[3] The Magistrate Judge entered his Order & Findings and Recommendations recommending that the motion be granted and the Petition stayed and held in abeyance pending exhaustion of Leonard's state-court remedies.[4] Before this Court acted upon the Magistrate Judge's Findings and Recommendations, Leonard filed a request to withdraw his stay and abey motion.[5] The Magistrate Judge granted the motion, vacated his Findings and Recommendations, and Ordered Respondent to answer the Petition.[6]

In his request to withdraw his stay and abey motion, it appeared that Leonard specifically requested that this Court proceed and determine his Petition on the exhausted grounds alone. In an abundance of caution and in order to prevent Leonard from inadvertently foreclosing future

---

[1] *People v. Leonard*, No. C059936, 2010 WL 1217971, at *5 (Cal. Ct. App. Mar. 30, 2010).

[2] Docket No. 8.

[3] Docket No. 14.

[4] Docket No. 16.

[5] Docket No. 17.

[6] Docket No. 18.

review of his unexhausted equal protection claim, this Court entered an Order explaining the risk and directing Leonard to verify his understanding and intent to proceed on the exhausted claims alone.[7]  At Docket No. 27 Leonard responded with a Motion to Dismiss the unexhausted claims and to proceed on the exhausted claims alone.

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Leonard raises three grounds: (1) a general assertion that his federal and state due process rights were violated; (2) that his continued incarceration under the SVPA violates the Double Jeopardy Clause; and (3) ineffective assistance of trial and appellate counsel. Respondent contends that, because Leonard did not present his first ground in its entirety to the California Supreme Court, the Petition is a "mixed petition" containing both exhausted and unexhausted grounds and should be dismissed.  Respondent also contends that Leonard's second ground, double jeopardy, is procedurally barred on adequate and independent state grounds. Respondent raises no other affirmative defense.[8]

## III.  DISCUSSION

### A.  Appointment of Counsel

In his Traverse Leonard has renewed his request for appointment of counsel.  There is no constitutional right to counsel in federal habeas proceedings.[9]  Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an

---

[7] Docket No. 26.

[8] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

[9] *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)).

evidentiary hearing.[10] This Court may appoint counsel under the Criminal Justice Act in this case if the Court determines that the interests of justice so require.[11] This Court does not so determine. Accordingly, the request for appointment of counsel is **DENIED**.

**B.     Abstention**

As noted in this Court's prior Order, Leonard's state-court judgment is not yet final. As a consequence, this Court must determine whether the *Younger* doctrine applies.[12] If it applies, abstention in this case is mandatory, i.e., this Court must refrain from exercising its jurisdiction.[13] Although neither party has raised the question, this Court may raise it *sua sponte*.[14]

Although *Younger* itself held that, absent extraordinary circumstances, a federal court may not interfere with a pending state-criminal prosecution, the Supreme Court and the Ninth Circuit have extended *Younger* abstention to civil cases on numerous occasions. The Supreme Court laid out a three-part test for determining when to apply *Younger* in a civil proceeding, holding that abstention is required so long as the state proceedings: (1) are ongoing; (2) implicate

---

[10] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rules 6(a), 8(c) (2011).

[11] 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").

[12] *Younger v. Harris*, 401 U.S. 37 (1971). The Younger doctrine is a short-hand reference to the doctrine that forbids federal courts from unduly interfering with pending state court proceedings that implicate important state interests.

[13] *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (en banc); *Canatella v. California*, 404 F.3d 1106, 113 (9th Cir. 2005).

[14] *See Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2011).

"important state interests"; and (3) provide an adequate opportunity to raise federal questions.[15] To these three threshold requirements, the Ninth Circuit has articulated an implied fourth requirement that abstention is required if (4) the federal court action would "enjoin the proceeding, or have the practical effect of doing so."[16]

Because the state appellate review process has not yet been completed, Leonard's SVP civil commitment proceeding is still on-going,[17] and thus the first factor is clearly met. Likewise, it is clear that each of the constitutional issues Leonard is attempting to assert in this proceeding may be raised in Leonard's pending state-court proceeding; indeed, they have been. The state interest involved concerns for the health and safety of the state's citizens. There can be no doubt that a state has an important interest in safeguarding the health and safety of its citizens.[18] Thus, the three factor test from the Supreme Court's decision in *Middlesex* has been met.

If this Court were to grant Leonard the relief requested, it would effectively render any further action by the California state courts a nullity. The effect would be the same as if this Court entered an order enjoining the Placer County Court from proceeding to adjudicate Leonard's continued commitment as a SVP as instructed by the California Court of Appeal. This

---

[15] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

[16] *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148-49 (9th Cir. 2007).

[17] *See Gilbertson*, 381 F.3d at 969 n.4 (noting that for *Younger* abstention purposes, proceedings are deemed on-going until state appellate review is completed).

[18] *See, e.g., Hill v. Colorado*, 530 U.S. 703, 715 (2000) ("It is a traditional exercise of the States' 'police power to protect the health and safety of their citizens.'" (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 475 (1996))); *see also Dept. of Revenue of Ky. v. Davis*, 553 U.S. 328, 340 (2008) (noting that state and local governments are "vested with the responsibility of protecting the health, safety, and welfare of their citizens" (quoting *United Haulers Ass'n v. Oneida-Herkimer Solid Waste Mgmnt Auth.*, 550 U.S. 330, 342 (2007))).

Court may not, under the *Younger* doctrine, enter such a judgment. Indeed, it lacks jurisdiction to do so. Accordingly, this Court must abstain and dismiss this action.[19]

IV.  ORDER

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED THAT** the Motion to Dismiss All Unexhausted Claims at Docket No. 27 is **DENIED** as moot.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[20] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[21]

The Clerk of the Court is to enter judgment accordingly.

Dated:  March 12, 2012.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge

---

[19] *American Consumer Pub. Ass'n, Inc. v. Margosdian*, 349 F.3d 1122, 1126 (9th Cir. 2003) (noting that when *Younger* applies, ordinarily the district court must dismiss).

[20] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[21] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.